IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Joshua Anthony Mashburn,

Plaintiff,

v.

Ernest Michael Patrick O'Brien, Sr., *Judge Code 7185*,

Defendant.

Case No. 6:26-cv-02766-JDA

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 9; 16.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

## BACKGROUND

On July 10, 2026, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On August 7, 2026, the Magistrate Judge issued a Report recommending that the action be dismissed with prejudice and without issuance and service of process. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 7.] Plaintiff filed no objections within the allotted time.

On September 10, 2026, this Court issued an Order accepting the Report, incorporating it by reference, and dismissing Plaintiff's action with prejudice and without

issuance and service of process. [Doc. 13.] On September 18, 2026, the Clerk docketed objections from Plaintiff to the Report. [Doc. 16.]

**DISCUSSION**

In the Complaint, Plaintiff alleges violations of his Fourth Amendment rights and 42 U.S.C. § 1985. [Doc. 1 at 4.] Specifically, Plaintiff claims that on June 12, 2025, Defendant violated his constitutional rights by signing both his bond and the warrant for his arrest without jurisdiction. [*Id.* at 5, 8.] He contends that Defendant "rubber stamp[ed] warrants" while "blatantly ignoring the constitutional principles of due process." [*Id.* at 8.] Plaintiff's alleged injuries include being deprived of proper procedural due process by a neutral and detached magistrate. [*Id.*] He requests declaratory relief. [*Id.*]

In recommending dismissal of Plaintiff's action, the Magistrate Judge concluded that Plaintiff failed to "allege[] sufficient facts to demonstrate that Defendant personally denied him or conspired with others to deny him rights under the Constitution or federal law" and that Plaintiff's claims are barred by the doctrine of absolute judicial immunity. [Doc. 9 at 4–6.] In his objections, Plaintiff argues that the Magistrate Judge erred in so concluding. [Doc. 16.] Plaintiff specifically argues that "[j]udges cannot claim judicial immunity for suits seeking only prospective, injunctive relief."[*] [*Id.* at 2.] In addition, Plaintiff repeats his allegation that Defendant lacked jurisdiction and was not a neutral and detached magistrate because be signed both the arrest warrant and set the bond. [*Id.* at 1–2.]

[*] Out of an abundance of caution for the pro se Plaintiff, the Court has considered the Report of the Magistrate Judge de novo.

Issues of immunity aside, to have standing to seek prospective injunctive or declaratory relief, Plaintiff must "allege[] that he faces a 'real and immediate threat of future injury'" from Defendant. *Savage v. Maryland*, 896 F.3d 260, 274–75 (4th Cir. 2018); *see Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) ("[A]llegations . . . of past injuries do not in themselves show a present case or controversy" regarding entitlement to prospective declaratory or injunctive relief. (cleaned up)). The Complaint does not contain any such allegation. [*See generally* Doc. 1.] Accordingly, the Court presumes Plaintiff "will abide by the criminal laws of [South Carolina] in the future," and thus will have no future occasion to encounter Defendant. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005). Plaintiff's allegations are therefore insufficient to support entitlement to prospective declaratory or injunctive relief, and this Court properly dismissed Plaintiff's action.

## CONCLUSION

For the aforementioned reasons, Plaintiff's objections [Doc. 16] are OVERRULED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 18, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.